**FILED**

JAN 2 3 2007

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| HEIDI K. DOYLE, | ) |
| Plaintiff, | ) **07CV429** |
| v. | ) **JUDGE ST EVE** |
| | **MAG. JUDGE COLE** |
| REAL ESTATE INNOVATIONS, LLC, | ) |
| an Illinois limited liability company, and | ) |
| GEORGE P. KLEIN, JR., | ) |
| | ) |
| Defendants. | ) |

### COMPLAINT

Plaintiff Heidi K. Doyle, by her attorneys, Robert A. Roth and Tracy G. Ferak, for her Complaint against Defendants Real Estate Innovations, LLC and George P. Klein, Jr., states as follows:

### NATURE OF ACTION

1.     This is an action by Plaintiff, Ms. Doyle, to collect amounts owed and to otherwise enforce her rights under four (4) written Promissory Notes by which she personally loaned one million dollars ($1,000,000.00) to Defendants Real Estate Innovations, LLC and George P. Klein, Jr.   As alleged more fully below, Defendants have defaulted on their contractual obligation to Ms. Doyle to repay the loan and interest thereon totaling more than one million three hundred thousand dollars ($1,300,000.00).

### PARTIES

2.     Plaintiff Heidi K. Doyle is an individual and a citizen of the State of Florida. Ms. Doyle is the holder of the Promissory Notes at issue in this case.

3.     Defendant Real Estate Innovations, LLC ("REI") is an Illinois limited liability company.   REI's only member is George P. Klein, Jr., a citizen of the State of Illinois.   REI is

involved in residential real estate development and has its principal place of business in Elmhurst, Illinois.

4.      Defendant George P. Klein, Jr. is an individual and a citizen of the State of Illinois. Mr. Klein is the Manager of REI.

### JURISDICTION AND VENUE

5.      This action is brought by Heidi K. Doyle, a citizen of Florida, against REI, a citizen of Illinois, and George P. Klein, Jr., a citizen of Illinois. The amount in controversy is in excess of seventy-five thousand dollars ($75,000.00), exclusive of interest and costs, as explained below. This Court therefore has original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

6.      Venue is proper within this district pursuant to 28 U.S.C. § 1391 because the defendants reside within this district and a substantial part of the events and omissions that give rise to this action, and the damages resulting from them, have occurred within this district.

### COUNT I
### (Action to Collect Amounts Owed Under Promissory Notes and for Attorneys' Fees and Costs)

7.      Defendants REI and Mr. Klein procured a $1 million loan from Ms. Doyle. The loan was memorialized in four (4) promissory notes from REI to Ms. Doyle, copies of which are attached as Exhibits A, B, C, and D.

8.      For value received, on or about April 11, 2000, REI and Mr. Klein executed and delivered to Ms. Doyle a Promissory Note that obligated REI to pay to Ms. Doyle the principal sum of five hundred thousand dollars ($500,000.00) plus interest on the unpaid principal balance at a fixed rate of nine percent (9%) per annum. Commencing on April 30, 2000, and on the last calendar day of each consecutive month thereafter, REI was obligated to make monthly payments of interest on the outstanding amount of principal due to Ms. Doyle. The Promissory

2

Note matured upon thirty (30) days' written notice from Ms. Doyle to REI that all outstanding principle and accrued interest is due. Any sum not paid when due was subject to interest payable at an interest rate of eleven percent (11%) per annum (the "Default Interest Rate"). (Exhibit A, April 11, 2000 Promissory Note at ¶¶ 1.01-.05)

9.      A true and correct copy of the April 11, 2000 Promissory Note ("Promissory Note 1") is attached hereto as Exhibit A and is incorporated herein.

10.      For value received, on or about November 9, 2000, REI and Mr. Klein executed and delivered to Ms. Doyle a Promissory Note that obligated REI to pay to Ms. Doyle the principal sum of seventy-five thousand dollars ($75,000.00) plus interest on the unpaid principal balance at a fixed rate of nine percent (9%) per annum. Commencing on November 30, 2000, and on the last calendar day of each consecutive month thereafter, REI was obligated to make monthly payments of interest on the outstanding amount of principal due to Ms. Doyle. The Promissory Note matured upon thirty (30) days' written notice from Ms. Doyle to REI that all outstanding principle and accrued interest is due. Any sum not paid when due was subject to interest payable at an interest rate of eleven percent (11%) per annum (the "Default Interest Rate"). (Exhibit B, November 9, 2000 Promissory Note at ¶¶ 1.01-.05)

11.      A true and correct copy of the November 9, 2000 Promissory Note ("Promissory Note 2") is attached hereto as Exhibit B and is incorporated herein.

12.      For value received, on or about January 30, 2001, REI and Mr. Klein executed and delivered to Ms. Doyle a Promissory Note that obligated REI to pay to Ms. Doyle the principal sum of three hundred thousand dollars ($300,000.00) plus interest on the unpaid principal balance at a fixed rate of nine percent (9%) per annum. Commencing on January 31, 2001, and on the last calendar day of each consecutive month thereafter, REI was obligated to

make monthly payments of interest on the outstanding amount of principal due to Ms. Doyle. The Promissory Note matured upon thirty (30) days' written notice from Ms. Doyle to REI that all outstanding principle and accrued interest is due. Any sum not paid when due was subject to interest payable at an interest rate of eleven percent (11%) per annum (the "Default Interest Rate"). (Exhibit C, January 30, 2001 Promissory Note at ¶¶ 1.01-.05)

13.     A true and correct copy of the January 30, 2001 Promissory Note ("Promissory Note 3") is attached hereto as Exhibit C and is incorporated herein.

14.     For value received, on or about August 9, 2001, REI and Mr. Klein executed and delivered to Ms. Doyle a Promissory Note that obligated REI to pay to Ms. Doyle the principal sum of one hundred twenty-five thousand dollars ($125,000.00) plus interest on the unpaid principal balance at a variable interest rate per annum. Commencing on August 31, 2001, and on the last calendar day of each consecutive month thereafter, REI was obligated to make monthly payments of interest on the outstanding amount of principal due to Ms. Doyle. The Promissory Note matured upon thirty (30) days' written notice from Ms. Doyle to REI that all outstanding principle and accrued interest is due. Any sum not paid when due was subject to interest payable at the original interest rate plus two percent (2%) (the "Default Interest Rate"). (Exhibit D, August 9, 2001 Promissory Note at ¶¶ 1.01-.05)

15.     A true and correct copy of the August 9, 2001 Promissory Note ("Promissory Note 4") is attached hereto as Exhibit D and is incorporated herein.

16.     REI made various interest payments on the Promissory Notes at variable interest rates. REI failed to make the interest payments specified by the Promissory Notes.

17.     On or about June 20, 2002, REI made a payment of sixty thousand dollars ($60,000.00) to Ms. Doyle.

18.     On August 20, 2006, Ms. Doyle made written demand on REI for payment of all outstanding principal and accrued interest pursuant to the Promissory Notes. (Exhibit E, August 20, 2006 Demand E-mail to REI.)

19.     A true and correct copy of the August 20, 2006 Demand E-mail is attached hereto as Exhibit E and is incorporated herein.

20.     On November 2, 2006, through counsel, Ms. Doyle again made written demand on REI for payment of all outstanding principal and accrued interest pursuant to the Promissory Notes. (Exhibit F, November 2, 2006 Demand Letter to REI.)

21.     A true and correct copy of the November 2, 2006 Demand Letter is attached hereto as Exhibit F and is incorporated herein.

22.     Pursuant to the Demand E-mail, Demand Letter, and the Promissory Notes, REI was obligated to pay to Ms. Doyle the principal payments totaling one million dollars ($1,000,000.00), plus any accrued interest.

23.     In breach of the Promissory Notes, REI has failed to repay Ms. Doyle the principal payments, plus interest, and has failed to make interest payments at the Default Interest Rates. (Ex. A-D, Promissory Notes at ¶¶ 1.01-.05.)

24.     As a consequence, REI and Mr. Klein are in default under the Promissory Notes and owe to Ms. Doyle the entire outstanding principal sum plus interest. (Ex. A-D, Promissory Notes at ¶¶ 1.01-.05.)

25.     Pursuant to the terms of the Promissory Notes, REI agreed to pay any charges, fees, and expenses, including all costs of enforcement or collection, incurred in the event of default. (Ex. A-D, Promissory Notes at ¶ 1.06.) It has become necessary to institute this action

5

to collect under the Promissory Notes and Ms. Doyle has incurred and will incur attorneys' fees and costs in the course of such proceedings.

WHEREFORE, Plaintiff Heidi K. Doyle respectfully requests (a) judgment in her favor and against Defendants Real Estate Innovations, LLC and George P. Klein, Jr. in an amount to be determined at trial but in no event less than $1,300,000.00; (b) an order granting Ms. Doyle her attorneys' fees and costs incurred in connection with this proceeding; and (c) any further relief this Court deems proper and just.

Dated: January 23, 2007

Respectfully submitted,

*Tracy Ferak*

Robert A. Roth (ARDC No. 6200416)
Tracy G. Ferak (ARDC No. 6275038)
Sachnoff & Weaver, Ltd.
10 S. Wacker Drive, Suite 4000
Chicago, Illinois 60606
Tel: (312) 207-1000
Fax: (312) 207-6400

*Attorneys for Plaintiff Heidi K. Doyle*

# EXHIBIT A

NOTE RE: INVESTMENT IN REAL ESTATE INNOVATIONS, L.L.C.
340 West Butterfield Road, Suite 2D, Elmhurst, IL 60126-5042

Date: _04 / 11 / 00_     Principal: _$500,000.00_

FOR VALUE RECEIVED, the undersigned (the "Borrower") promises to pay to the order of
or as directed by HEIDI JEAN KLEIN at 700 Huron Avenue, Apartment 20E, Cambridge,
MA 02138-4550, its successors and/or assigns ("the Lender") the principal sum of Five
Hundred Thousand Dollars ($500,000.00) (the "Principal") together with interest at the rate
and upon the terms specified below.

### ARTICLE 1 – TERMS

1.01 Calculation of Interst Rate. The interst rate accruing on the balance due under this note
at any time before maturing or default shall be at a fixed rate equal to Nine (9) percent (9%)
per annum or as announced from time to time in effect by the Lender at its principal office at
the address set forth above. Interest (i) shall be charged only on the principal balance at any
time disbursed and not repaid; (ii) be computed on the basis of a 365-day year; and (iii) be
charged only for the actual number of days elapsed in the applicable period.

1.02 Form of Payment. All payments made shall be made in U.S. Dollars and in immediately
available funds.

1.03 Interest Only. Borrower shall commencing on April 30, 2000 and on the last calendar
day of each consecutive month thereafter, make monthly payments of interest only on the
outstanding amount of principal due and owing to the Lender.

1.04 Maturity Date. Any and all outstanding principal and accrued interest on the Note shall,
if not otherwise declared due, be due and payable on any interest due date upon thirty (30)
days written notice from Lender to Borrower.

1.05 Default Interest Rate. Any sum not paid when due, whether at Maturity Date, by
acceleration or otherwise, shall bear interest payable at a fluctuating interest rate per year
equal to the Interest Rate plus two (2) percent (2%) (the "Default Interest Rate"). Any
outstanding indebtedness shall also bear interest at the Default Interest Rate during the
pendency of an Event of Default.

1.06 Application of Payments. All payments under this Note shall be applied FIRST to
satisfaction or reimbursement of all charges, fees and expenses incurred, and all amounts
required or allowed pursuant to the Note, including all costs of enforcement or collection (if
an Event of Default has occurred or if the Borrower has failed to make timely payment of
any sum due to the Lender), SECOND to payment of all accrued but unpaid interest on the
outstanding principal balance hereof, and THIRD to reduction of such outstanding principal
balance.

1.07 Place of Payment. Payments of all amounts due hereunder, including both principal and
interest, are to be made at such place as the legal holders of this Note may from time to time
appoint and in the absence of such appointment, at the office of the Lender noted above.

1.08 Prepayment. Provided that no Event of Default exists hereunder, under this Note, the
Borrower shall have the right to prepay, in whole or in part, the indebtedness evidenced
hereby without premium or penalty on any date that a payment of interest under the Note is
due.

1.09 Event of Default. It shall constitute an Event of Default under this Note when and if any default occurs in the due and punctual performance of or compliance with any term, covenant or condition in this Note. Upon the occurrence of any Event of Default, without prior notice or demand, the Lender may pursue any or all of the following remedies:

a. Collect interest on the entire unpaid principal balance hereof at the Default Interest Rate from the date of such default until such default is cured by Borrower; and
b. Declare the entire unpaid principal balance hereof, with interest accrued thereon and all other sums due from Borrower hereunder and under this Note to be immediately due and payable, without further notice, notice being hereby expressly waived; and
c. Pursue each and every other right, remedy, and power it may have under this Note and the Loan Documents and at law and in equity.

The rights, remedies, and powers of the Lender, as provided in this Note are cumulative and concurrent, and may be pursued singly, successively, or together and against the Borrower at any time to secure the payment hereof, all at the sole discretion of the Lender.

## ARTICLE II – MISCELLANEOUS

2.01 The Borrower hereby agrees that this Note shall be deemed to have been made under and shall be governed by the laws of the State of Illinois in all respects, including matters of construction, validity and performance, and that none of its terms or provisions may be waived, altered, modified or amended except as the Lender may consent thereto in writing duly signed for and on its behalf.

2.02 The holder of this Note shall not be deemed to have waived any of its rights or remedies under this Note unless such waiver is in writing signed by such holder, and no delay or omission by any such holder in exercising any of its rights hereunder or at law or in equity including, without limitation, such holder's right, after default by the Borrower, to declare the entire indebtedness evidenced hereby immediately due and payable, shall be construed as a novation of this Note or shall operate as a waiver or prevent the subsequent exercise of any or all of such rights. A waiver of any right made in writing on one occasion shall not be construed as a waiver of a holder's right to insist thereafter upon strict compliance with the terms hereof, and no exercise of any right by a holder shall preclude the subsequent exercise by such holder of any or all of the rights, powers and remedies available to it hereunder or at law or in equity. No extension of time for the payment of the Note, or any sum due hereunder, discharge, modify, change or affect the original liability of the Borrower under this Note, either in whole or in part unless the holder of this Note at the time agrees otherwise in writing.

BORROWER: REAL ESTATE INNOVATIONS, L.L.C. By: _George Paul Klein_
                                                    GEORGE PAUL KLEIN, JR.
                                                    Manager

sw3/invest(04100)

# EXHIBIT B

NOTE RE: INVESTMENT IN REAL ESTATE INNOVATIONS, L.L.C.
340 West Butterfield Road, Suite 2D, Elmhurst, IL 60126-5042

Date: __11 09 00__     Principal: __$ 75,000.00__

FOR VALUE RECEIVED, the undersigned (the "Borrower") promises to pay to the order of or as directed by HEIDI JEAN KLEIN at 700 Huron Avenue, Apartment 20E, Cambridge, MA 02138-4550, its successors and/or assigns ("the Lender") the principal sum of Seventy-Five Thousand Dollars ($75,000.00) (the "Principal") together with interest at the rate and upon the terms specified below.

## ARTICLE I – TERMS

1.01 Calculation of Interst Rate. The interst rate accruing on the balance due under this note at any time before maturing or default shall be at a fixed rate equal to Nine (9) percent (9%) per annum or as announced from time to time in effect by the Lender at its principal office at the address set forth above. Interest (i) shall be charged only on the principal balance at any time disbursed and not repaid; (ii) be computed on the basis of a 365-day year; and (iii) be charged only for the actual number of days elapsed in the applicable period.

1.02 Form of Payment. All payments made shall be made in U.S. Dollars and in immediately available funds.

1.03 Interest Only. Borrower shall commencing on November 30, 2000 and on the last calendar day of each consecutive month thereafter, make monthly payments of interest only on the outstanding amount of principal due and owing to the Lender.

1.04 Maturity Date. Any and all outstanding principal and accrued interest on the Note shall, if not otherwise declared due, be due and payable on any interest due date upon thirty (30) days written notice from Lender to Borrower.

1.05 Default Interest Rate. Any sum not paid when due, whether at Maturity Date, by acceleration or otherwise, shall bear interest payable at a fluctuating interest rate per year equal to the Interest Rate plus two (2) percent (2%) (the "Default Interest Rate"). Any outstanding indebtedness shall also bear interest at the Default Interest Rate during the pendency of an Event of Default.

1.06 Application of Payments. All payments under this Note shall be applied FIRST to satisfaction or reimbursement of all charges, fees and expenses incurred, and all amounts required or allowed pursuant to the Note, including all costs of enforcement or collection (if an Event of Default has occurred or if the Borrower has failed to make timely payment of any sum due to the Lender), SECOND to payment of all accrued but unpaid interest on the outstanding principal balance hereof, and THIRD to reduction of such outstanding principal balance.

1.07 Place of Payment. Payments of all amounts due hereunder, including both principal and interest, are to be made at such place as the legal holders of this Note may from time to time appoint and in the absence of such appointment, at the office of the Lender noted above.

1.08 Prepayment. Provided that no Event of Default exists hereunder, under this Note, the Borrower shall have the right to prepay, in whole or in part, the indebtedness evidenced hereby without premium or penalty on any date that a payment of interest under the Note is due.

1.09 Event of Default. It shall constitute an Event of Default under this Note when and if any default occurs in the due and punctual performance of or compliance with any term, covenant or condition in this Note. Upon the occurrence of any Event of Default, without prior notice or demand, the Lender may pursue any or all of the following remedies:

a. Collect interest on the entire unpaid principal balance hereof at the Default Interest Rate from the date of such default until such default is cured by Borrower; and
b. Declare the entire unpaid principal balance hereof, with interest accrued thereon and all other sums due from Borrower hereunder and under this Note to be immediately due and payable, without further notice, notice being hereby expressly waived; and
c. Pursue each and every other right, remedy, and power it may have under this Note and the Loan Documents and at law and in equity.

The rights, remedies, and powers of the Lender, as provided in this Note are cumulative and concurrent, and may be pursued singly, successively, or together and against the Borrower at any time to secure the payment hereof, all at the sole discretion of the Lender.

## ARTICLE II – MISCELLANEOUS

2.01 The Borrower hereby agrees that this Note shall be deemed to have been made under and shall be governed by the laws of the State of Illinois in all respects, including matters of construction, validity and performance, and that none of its terms or provisions may be waived, altered, modified or amended except as the Lender may consent thereto in writing duly signed for and on its behalf.

2.02 The holder of this Note shall not be deemed to have waived any of its rights or remedies under this Note unless such waiver is in writing signed by such holder, and no delay or omission by any such holder in exercising any of its rights hereunder or at law or in equity including, without limitation, such holder's right, after default by the Borrower, to declare the entire indebtedness evidenced hereby immediately due and payable, shall be construed as a novation of this Note or shall operate as a waiver or prevent the subsequent exercise of any or all of such rights. A waiver of any right made in writing on one occasion shall not be construed as a waiver of a holder's right to insist thereafter upon strict compliance with the terms hereof, and no exercise of any right by a holder shall preclude the subsequent exercise by such holder of any or all of the rights, powers and remedies available to it hereunder or at law or in equity. No extension of time for the payment of the Note, or any sum due hereunder, discharge, modify, change or affect the original liability of the Borrower under this Note, either in whole or in part unless the holder of this Note at the time agrees otherwise in writing.

BORROWER:  REAL ESTATE INNOVATIONS, L.L.C. By: _George Paul Klein_
GEORGE PAUL KLEIN, JR.
Manager

sw3/invest(11090)

# EXHIBIT C

NOTE RE:  INVESTMENT IN REAL ESTATE INNOVATIONS, L.L.C.
340 West Butterfield Road, Suite 2D, Elmhurst, IL 60126-5042

Date: January 30, 2001                    Principal: $300,000.00

FOR VALUE RECEIVED, the undersigned (the "Borrower") promises to pay to the order of or as directed by HEIDI JEAN KLEIN at 700 Huron Avenue, Apartment 20E, Cambridge, MA 02138-4550, its successors and/or assigns ("the Lender") the principal sum of Three Hundred Thousand Dollars ($300,000.00) (the "Principal") together with interest at the rate and upon the terms specified below.

### ARTICLE I – TERMS

1.01 Calculation of Interst Rate. The interst rate accruing on the balance due under this note at any time before maturing or default shall be at a fixed rate equal to Nine (9) percent (9%) per annum or as announced from time to time in effect by the Lender at its principal office at the address set forth above. Interest (i) shall be charged only on the principal balance at any time disbursed and not repaid; (ii) be computed on the basis of a 365-day year; and (iii) be charged only for the actual number of days elapsed in the applicable period.

1.02 Form of Payment. All payments made shall be made in U.S. Dollars and in immediately available funds.

1.03 Interest Only. Borrower shall commencing on January 31, 2001 and on the last calendar day of each consecutive month thereafter, make monthly payments of interest only on the outstanding amount of principal due and owing to the Lender.

1.04 Maturity Date. Any and all outstanding principal and accrued interest on the Note shall, if not otherwise declared due, be due and payable on any interest due date upon thirty (30) days written notice from Lender to Borrower.

1.05 Default Interest Rate. Any sum not paid when due, whether at Maturity Date, by acceleration or otherwise, shall bear interest payable at a fluctuating interest rate per year equal to the Interest Rate plus two (2) percent (2%) (the "Default Interest Rate"). Any outstanding indebtedness shall also bear interest at the Default Interest Rate during the pendency of an Event of Default.

1.06 Application of Payments. All payments under this Note shall be applied FIRST to satisfaction or reimbursement of all charges, fees and expenses incurred, and all amounts required or allowed pursuant to the Note, including all costs of enforcement or collection (if an Event of Default has occurred or if the Borrower has failed to make timely payment of any sum due to the Lender), SECOND to payment of all accrued but unpaid interest on the outstanding principal balance hereof, and THIRD to reduction of such outstanding principal balance.

1.07 Place of Payment. Payments of all amounts due hereunder, including both principal and interest, are to be made at such place as the legal holders of this Note may from time to time appoint and in the absence of such appointment, at the office of the Lender noted above.

1.08 Prepayment. Provided that no Event of Default exists hereunder, under this Note, the Borrower shall have the right to prepay, in whole or in part, the indebtedness evidenced hereby without premium or penalty on any date that a payment of interest under the Note is due.

1.09 Event of Default. It shall constitute an Event of Default under this Note when and if any default occurs in the due and punctual performance of or compliance with any term, covenant or condition in this Note. Upon the occurrence of any Event of Default, without prior notice or demand, the Lender may pursue any or all of the following remedies:

a. Collect interest on the entire unpaid principal balance hereof at the Default Interest Rate from the date of such default until such default is cured by Borrower; and
b. Declare the entire unpaid principal balance hereof, with interest accrued thereon and all other sums due from Borrower hereunder and under this Note to be immediately due and payable, without further notice, notice being hereby expressly waived; and
c. Pursue each and every other right, remedy, and power it may have under this Note and the Loan Documents and at law and in equity.

The rights, remedies, and powers of the Lender, as provided in this Note are cumulative and concurrent, and may be pursued singly, successively, or together and against the Borrower at any time to secure the payment hereof, all at the sole discretion of the Lender.

## ARTICLE II – MISCELLANEOUS

2.01 The Borrower hereby agrees that this Note shall be deemed to have been made under and shall be governed by the laws of the State of Illinois in all respects, including matters of construction, validity and performance, and that none of its terms or provisions may be waived, altered, modified or amended except as the Lender may consent thereto in writing duly signed for and on its behalf.

2.02 The holder of this Note shall not be deemed to have waived any of its rights or remedies under this Note unless such waiver is in writing signed by such holder, and no delay or omission by any such holder in exercising any of its rights hereunder or at law or in equity including, without limitation, such holder's right, after default by the Borrower, to declare the entire indebtedness evidenced hereby immediately due and payable, shall be construed as a novation of this Note or shall operate as a waiver or prevent the subsequent exercise of any or all of such rights. A waiver of any right made in writing on one occasion shall not be construed as a waiver of a holder's right to insist thereafter upon strict compliance with the terms hereof, and no exercise of any right by a holder shall preclude the subsequent exercise by such holder of any or all of the rights, powers and remedies available to it hereunder or at law or in equity. No extension of time for the payment of the Note, or any sum due hereunder, discharge, modify, change or affect the original liability of the Borrower under this Note, either in whole or in part unless the holder of this Note at the time agrees otherwise in writing.

BORROWER: REAL ESTATE INNOVATIONS, L.L.C. By: _George Paul Klein_.
GEORGE/PAUL KLEIN, JR.
Manager

sw3/invest(01261)

# EXHIBIT D

NOTE RE: INVESTMENT IN REAL ESTATE INNOVATIONS, L.L.C.
340 West Butterfield Road, Suite 2D, Elmhurst, IL 60126-5042

Date: August 9, 2001                    Principal: $125,000.00

FOR VALUE RECEIVED, the undersigned (the "Borrower") promises to pay to the order of
or as directed by HEIDI JEAN KLEIN at 19 Croydon Lane, Oak Brook, IL 60523, its
successors and/or assigns ("the Lender") the principal sum of One Hundred Twenty Five
Thousand Dollars ($125,000.00) (the "Principal") together with interest at the rate and upon
the terms specified below.

## ARTICLE I – TERMS

1.01 Calculation of Interst Rate. The interst rate accruing on the balance due under this note
at any time before maturing or default shall be at a variable interest rate. The Interest Rate
on this note is subject to change from time to time based on changes in an index which is the
Midwest Bank base rate (the "Index") or as announced from time to time in effect by the
Lender at its principal office at the address set forth above. Interest (i) shall be charged
only on the principal balance at any time disbursed and not repaid; (ii) be computed on the
basis of a 365-day year; and (iii) be charged only for the actual number of days elapsed in
the applicable period.

1.02 Form of Payment. All payments made shall be made in U.S. Dollars and in immediately
available funds.

1.03 Interest Only. Borrower shall commencing on August 31, 2001 and on the last calendar
day of each consecutive month thereafter, make monthly payments of interest only on the
outstanding amount of principal due and owing to the Lender.

1.04 Maturity Date. Any and all outstanding principal and accrued interest on the Note shall,
if not otherwise declared due, be due and payable on any interest due date upon thirty (30)
days written notice from Lender to Borrower.

1.05 Default Interest Rate. Any sum not paid when due, whether at Maturity Date, by
acceleration or otherwise, shall bear interest payable at a fluctuating interest rate per year
equal to the Interest Rate plus two (2) percent (2%) (the "Default Interest Rate"). Any
outstanding indebtedness shall also bear interest at the Default Interest Rate during the
pendency of an Event of Default.

1.06 Application of Payments. All payments under this Note shall be applied FIRST to
satisfaction or reimbursement of all charges, fees and expenses incurred, and all amounts
required or allowed pursuant to the Note, including all costs of enforcement or collection (if
an Event of Default has occurred or if the Borrower has failed to make timely payment of
any sum due to the Lender), SECOND to payment of all accrued but unpaid interest on the
outstanding principal balance hereof, and THIRD to reduction of such outstanding principal
balance.

1.07 Place of Payment. Payments of all amounts due hereunder, including both principal and
interest, are to be made at such place as the legal holders of this Note may from time to time
appoint and in the absence of such appointment, at the office of the Lender noted above.

1.08 Prepayment. Provided that no Event of Default exists hereunder, under this Note, the
Borrower shall have the right to prepay, in whole or in part, the indebtedness evidenced
hereby without premium or penalty on any date that a payment of interest under the Note is

due.

1.09 Event of Default. It shall constitute an Event of Default under this Note when and if any default occurs in the due and punctual performance of or compliance with any term, covenant or condition in this Note. Upon the occurrence of any Event of Default, without prior notice or demand, the Lender may pursue any or all of the following remedies:

a. Collect interest on the entire unpaid principal balance hereof at the Default Interest Rate from the date of such default until such default is cured by Borrower; and
b. Declare the entire unpaid principal balance hereof, with interest accrued thereon and all other sums due from Borrower hereunder and under this Note to be immediately due and payable, without further notice, notice being hereby expressly waived; and
c. Pursue each and every other right, remedy, and power it may have under this Note and the Loan Documents and at law and in equity.

The rights, remedies, and powers of the Lender, as provided in this Note are cumulative and concurrent, and may be pursued singly, successively, or together and against the Borrower at any time to secure the payment hereof, all at the sole discretion of the Lender.

## ARTICLE II – MISCELLANEOUS

2.01 The Borrower hereby agrees that this Note shall be deemed to have been made under and shall be governed by the laws of the State of Illinois in all respects, including matters of construction, validity and performance, and that none of its terms or provisions may be waived, altered, modified or amended except as the Lender may consent thereto in writing duly signed for and on its behalf.

2.02 The holder of this Note shall not be deemed to have waived any of its rights or remedies under this Note unless such waiver is in writing signed by such holder, and no delay or omission by any such holder in exercising any of its rights hereunder or at law or in equity including, without limitation, such holder's right, after default by the Borrower, to declare the entire indebtedness evidenced hereby immediately due and payable, shall be construed as a novation of this Note or shall operate as a waiver or prevent the subsequent exercise of any or all of such rights. A waiver of any right made in writing on one occasion shall not be construed as a waiver of a holder's right to insist thereafter upon strict compliance with the terms hereof, and no exercise of any right by a holder shall preclude the subsequent exercise by such holder of any or all of the rights, powers and remedies available to it hereunder or at law or in equity. No extension of time for the payment of the Note, or any sum due hereunder, discharge, modify, change or affect the original liability of the Borrower under this Note, either in whole or in part unless the holder of this Note at the time agrees otherwise in writing.

BORROWER: REAL ESTATE INNOVATIONS, L.L.C. By: _____
GEORGE PAUL KLEIN, JR.
Manager

sw3/invest(08091)

# EXHIBIT E

Yahoo! Mail - heidikdoyle@yahoo.com

 **YAHOO!** MAIL

Print - Close Window

**Date:** Sun, 20 Aug 2006 19:50:41 -0700 (PDT)

**From:** "Heidi Doyle" <heidikdoyle@yahoo.com>

**Subject:** Re: REI Loan

**To:** "gpkcdc@juno.com" <gpkcdc@juno.com>

Hi, Dad,

With the start of school, things have been busy. I apologize for not addressing this e-mail sooner.

My decision to end this loan agreement is not an overreaction. Please do not assume that the late interest payments are the reason for this decision.

I want the closing of this loan to be as easy and smooth as possible. I am hereby giving you written notice that I want the principal balance of $940,000 as well as any accrued interest returned to me within 30 days, per the loan notes.

Love,
Heidi

*"gpkcdc@juno.com" <gpkcdc@juno.com>* wrote:

> dear heidi, words cannot express my disappointment to read this latest email of yours & to learn of your decision (apparently because of 2 late interest payments out of more than 75) & i disagree that your decision will make for a healthier relationship w/me. in light of the very real & more than $200,000 benefit this arrangement has meant to you over the past more than 6 years, your response to the events of the last 50 days seems an overreaction. love, dad
>
> Dear Dad,
>
> After careful consideration, I have decided to end and close out my entire loan to REI. Previously, I was comfortable with the aspects of our loan agreement. However, I no longer feel this way and want to remove the business aspect from our relationship. I feel we will enjoy a much healthier father/daughter relationship as a result of this decision. This is a final and firm decision, and I am not interested in alternative suggestions to continue the agreement.
>
> I am in the process of reviewing the finer points of our loan document (s). I will be in contact with you regarding the next step in ending our loan agreement.
>
> Love,
> Heidi
>
> _____
>
> Surf up to 5 times faster with Juno SpeedBand!
> First 12 months only $9.95/ month.
> Visit http://www.juno.com/surf to sign up today!

Do you Yahoo!?
Get on board. You're invited to try the new Yahoo! Mail Beta.

# EXHIBIT F

Sachnoff & Weaver, Ltd.
10 South Wacker Drive
Chicago, Illinois 60606-7507
t 312.207.1000 f 312.207.6400
www.sachnoff.com

Patrick J. Elder
Attorney at Law
t 312.207.3903
pelder@sachnoff.com

# Sachnoff&Weaver 

November 2, 2006

**VIA CERTIFIED MAIL**

Real Estate Innovations, L.L.C.
Attn: Richard J. Lang, Registered Agent
222 N. LaSalle Street, Ste. 1910
Chicago, IL 60601

> **Re:** **_Demand Letter for Repayment of Various Outstanding Promissory Notes
> made by Real Estate Innovations, L.L.C. to Heidi Jean Klein_**

Dear Mr. Lang:

This firm represents Heidi Klein Doyle f/k/a Heidi Jean Klein ("**Holder**") in connection with the following promissory notes made by Real Estate Innovations, L.L.C., an Illinois limited liability company ("**Maker**"):

1.  Note dated April 11, 2000 in a principal amount of $500,000 which was made by Maker in favor of Holder;
2.  Note dated November 9, 2000 in a principal amount of $75,000 which was made by Maker in favor of Holder;
3.  Note dated January 30, 2001 in a principal amount of $300,000 which was made by Maker in favor of Holder; and
4.  Note dated August 9, 2001 in a principal amount of $125,000 which was made by Maker in favor of Holder.

(the above promissory notes are singularly referred to herein as a "**Promissory Note**" and collectively referred to herein as the "**Promissory Notes**").

Pursuant to the Section 1.04 of each Promissory Note, Holder is hereby providing written notice of her demand for payment in full of any and all outstanding principal and accrued interest of each Promissory Note within thirty (30) days of your receipt of this letter. Failure to comply with the terms of this letter will be a default under the terms of each Promissory Note.

Real Estate Innovations, L.L.C.
November 2, 2006
Page Two



Sachnoff&Weaver

    If the Holder does not receive payment in full within the time period provided herein, she will initiate appropriate legal proceedings against Maker for purposes of collecting the outstanding amounts owed under the Promissory Notes.

    Please remit payment directly to Holder or please feel free to contact me if you or your counsel have any questions.

Very truly yours,

Patrick J. Elder
For Sachnoff & Weaver, Ltd.

cc:    Heidi Doyle (via regular mail)